IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GERALD CLAIBORNE,<br><br>            Plaintiff,<br><br>  vs.<br><br>DIRECTOR OF CORRECTIONS; LINDA L. RIANDA, Chief, Inmate Appeals Branch; MEDICAL APPEALS COORDINATOR, Salinas Valley State Prison; HEALTH CARE MANAGER, Salinas Valley State Prison; A.A. LAMARQUE, Warden, SVSP; Medical Appeals Coordinator DEBRA RUISI; Health Care Managers THOR and LEE; Supervisors, Medical Supplies, ABBY HAVENS and MR. HAGGER,<br><br>            Defendants.<br>                                                          / | No. C 03-2598 WHA (PR)<br><br>**ORDER TO REOPEN CASE; RULINGS; GRANT OF IFP STATUS; ORDER OF SERVICE** |

This is a civil rights case filed pro se by a state prisoner. Plaintiff, who is a frequent litigator in this and other courts, has had three or more of his cases dismissed as frivolous, malicious, or for failure to state a claim. In forma pauperis ("IFP") status therefore was withdrawn, *see* 28 U.S.C. § 1915(g) ("three strikes" IFP rule), and plaintiff was given thirty days to pay the filing fee. When he did not the case was dismissed. Plaintiff appealed and the Court of Appeals reversed and remanded for reinstatement of plaintiff's IFP status because, the court concluded, his references to a knee injury in the complaint meant that the exception to the

three-strikes rule for prisoners who are in imminent danger of serious physical injury applied to him.

Before plaintiff's IFP status was revoked the Court had dismissed the complaint with leave to amend and plaintiff had amended. The amended complaint will now be reviewed to determine if it should be served, as required by 28 U.S.C. § 1915A.

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Legal Claims*

In the amended complaint plaintiff lists as defendants Medical Appeals Coordinator Debra Ruisi; Health Care Managers Thor and Lee; and Supervisors, Medical Supplies, Abby Havens and Mr. Hagger. He thus has abandoned his claims against the other defendants named in the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in an amended complaint are no longer defendants). They will be dismissed from the case.

In the previous review order the Court noted that plaintiff had stated a claim against the Health Care Managers and the Supervisors, Medical Supplies, but that because he had not named them, it would not be possible to serve them. He has now provided those names. These

2

1  defendants will be served.

2  The original complaint also listed the "Medical Appeals Coordinator" as a defendants,
3  again without a name. As to that defendant, however, the Court dismissed with leave to amend
4  because although plaintiff had alleged that he informed her of his need, he did not allege that it
5  was her responsibility to see that he obtained it. In the amendment he has provided the name of
6  the Medical Appeals Coordinator, and alleges that in the course of reviewing his administrative
7  appeal she could have caused the knee brace to be given him. He thus has stated a claim against
8  her, and she will be served.

9  *C. Motions*

10  Plaintiff has filed two motions for summary judgment, two motions for entry of default,
11  a motion to "Deem the Facts and Evidence in the Motion for Summary Judgment [] Admitted,"
12  and a motion for appointment of counsel.

13  Because no person has yet been served, plaintiff's motions for summary judgment, his
14  motion to deem the facts alleged in the motions to be admitted, and his motions for default are
15  premature and will be denied without prejudice to renewing them at the proper time.

16  Plaintiff also requests appointment of counsel. There is no constitutional right to
17  counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C.
18  § 1915 confers on a district court only the power to "request" that counsel represent a litigant
19  who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the
20  power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490
21  U.S. 296, 310 (1989). In short, the Court has only the power to ask pro bono counsel to
22  represent plaintiff, not the power to "appoint" counsel.

23  Plaintiff is capable of presenting his claims effectively, and the issues, at least at this
24  stage, are not complex. The motion will be denied.

**CONCLUSION**

26  1. This case is **REOPENED**. Plaintiff's motions (documents 31, 34, 36, 37, 39, and 40 o
27  the docket) are **DENIED** for the reasons set out above. Plaintiff's IFP status is **REINSTATED**.

28  2. Defendants Linda L. Rianda and A. A. Lamarque are **DISMISSED** from the case, as are

3

the following defendants to the extent they are named as defendants by description rather than by their actual names, which have now been supplied: Medical Appeals Coordinator, Salinas Valley State Prison; and Health Care Manager, Salinas Valley State Prison.

      3. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the **amended** complaint in this matter (document number 6) and copies of this order upon the following defendants: Medical Appeals Coordinator Debra Ruisi; Health Care Managers Thor and Lee; and Supervisors, Medical Supplies, Abby Havens and Mr. Hagger. Plaintiff states that these defendants can be found at : Salinas Valley State Prison.

      4. In order to expedite the resolution of this case, the court orders as follows:

         a. Dispositive motions are due sixty days from the date of service. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the opposing party.

         b. Any opposition to a dispositive motion shall be filed with the court and served upon the opposing party no later than thirty days from the date of service of the motion. Plaintiff, because he is pro se, must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

         c. If a party desires to file a reply brief, he or she shall do so no later than fifteen days after the date of service of the opposition.

         d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

      5. All communications by the plaintiff with the court must be served on defendants, or

4

defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July  22 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.03\CLAIBORNE598.SRV.wpd

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**
**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.