IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GERALD CLAIBORNE,<br><br>              Plaintiff,<br><br>   vs.<br><br>DIRECTOR OF CORRECTIONS; LINDA L. RIANDA, Chief, Inmate Appeals Branch; MEDICAL APPEALS COORDINATOR, Salinas Valley State Prison; HEALTH CARE MANAGER, Salinas Valley State Prison; A.A. LAMARQUE, Warden, SVSP; Medical Appeals Coordinator DEBRA RUISI; Health Care Managers THOR and LEE; Supervisors, Medical Supplies, ABBY HAVENS and MR. HAGGER,<br><br>              Defendants.<br>                                                          / | No. C 03-2598 WHA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST** |

      This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that defendants were deliberately indifferent to a serious medical need in not providing him with a metal knee brace prescribed by an outside doctor.

      Although leave to proceed in forma pauperis ("IFP") was granted initially, it was revoked because plaintiff had suffered at least nine previous dismissals of cases that were determined to be frivolous, malicious, or to fail to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(g). When plaintiff failed to pay the fee the case was dismissed.

Plaintiff appealed.  The Ninth Circuit concluded that plaintiff's allegation that he had not received the kind of knee brace that had been prescribed amounted to an assertion that he was "under imminent danger of serious physical injury," *see* 28 U.S.C. § 1915(g), an exception to the three-strike rule, and remanded.  Service of the amended complaint was ordered in the initial review order.

Defendants Lee, Hager, Thor and Ruisi have filed an unenumerated motion to dismiss for failure to exhaust administrative remedies.  Plaintiff has opposed the motion to dismiss and has filed a motion for appointment of counsel.  For the reasons discussed below, the motion for counsel is denied and the motion to dismiss is granted.

## DISCUSSION

### I. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in a civil case.  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  Section 1915 of the United States Codes confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  This does not give the courts the power to make "coercive appointments of counsel."  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).  In short, the Court has only the power to ask pro bono counsel to represent plaintiff, not the power to "appoint" counsel.

At this stage of the case the issue is whether plaintiff has exhausted, and he has done a good job of presenting his factual arguments – that is, he need only point out to the Court the facts that he believes show exhaustion, which he has done.  The motion will be denied.

### II. MOTION TO DISMISS

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  *Porter v Nussle*, 534 U.S. 516, 524 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal

standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted).

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 2387. Therefore, the PLRA exhaustion requirement requires proper exhaustion. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. (footnote omitted). Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's

3

prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Id.* at 923. In California, the regulations permit an administrative appeal to be filed as to "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a)." As to content, the regulations only instruct the prisoner to "describe the problem and action requested . . . ." *Id.* at § 3084.2(a).

In his petition, petitioner specified the log number of the administrative appeal by which he claimed to have exhausted his administrative remedies, LAC 01-1130 (Pet. at 2). He also contends in his opposition that his exhaustion of the claims was by way of that administrative appeal (Opp. at 2). LAC 01-1130 was filed at Lancaster State Prison, long before plaintiff was housed at Salinas Valley State Prison, where the events giving rise to this suit occurred, so obviously it could not and did not describe those facts (Pet., (unnumbered) Exh. 1 at (unnumbered) 6). The grievance did mention a knee brace, though that was far from the main point of the grievance, but the claim presented in the complaint here has to do with events at Salinas Valley State Prison, not events at Lancaster.

It is true that the United States Supreme Court has held that the level of detail necessary in a grievance to comply with the grievance procedures is determined by the requirements of the prison's grievance system, not the PLRA, and that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance. *Jones*, 127 S. Ct. at 923. The holding in this order, however, is not that plaintiff's grievance was insufficient because he failed to name the people who are the defendants in this case, something which is not required by the California grievance system, but rather that it was insufficient because it did not describe "the problem," which is a requirement of the California system. That is, "the problem" that gave rise to this suit is the Salinas Valley State Prison authorities' failure to

provide plaintiff with the sort of knee brace he allegedly required – and that is a "problem" that could not have been exhausted before plaintiff was even housed at Salinas Valley State Prison. The Lancaster grievance therefore exhausted a different claim than the one involved in this lawsuit.

Defendants also mention another grievance, log number SVSP B 02-03159 (Mot. to Dismiss at 4-5). This one was filed at Salinas Valley State Prison, and in it plaintiff did ask for the kind of knee brace he contends is required (Decl. Variz, Exh. B). Defendants have, however, established that plaintiff did not pursue it to the second formal level or to the final, Director's, level (*id.* at ¶ 6; Decl. Grannis at ¶ 2). That is, he did not complete exhaustion.

Plaintiff complains about defendants' references to this grievance, asserting that he did not rely on it in the complaint and that it cannot be considered in light of the Ninth Circuit's remand (Opp. at 2-3). He apparently misunderstands the defendants' references to this grievance, which were essentially anticipatory – defendants were saying that if plaintiff should contend that he exhausted by way of SVSP B 02-03159, that contention would be wrong because he did not appeal to the final level. Since plaintiff does not rely on this grievance, and because it is clear that if he did such reliance would be futile, it need not be considered further.

The motion to dismiss will be granted.

## CONCLUSION

Plaintiff's motion for appointment of counsel (document number 55 on the docket) is **DENIED**. The motion to dismiss by defendants Lee, Hager, Thor and Ruisi (document number 51 on the docket) is **GRANTED**. The claim against the only other defendant, Havens, is **DISMISSED** for failure to obtain service. *See* Fed. R.Civ.P. 4(m). The case is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August   18  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5

1  G:\PRO-SE\WHA\CR.03\CLAIBORNE598.EXH.wpd